IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

MAR 16 2010

GREGORY C. LANGHAM
CLERK

Civil Action No. 10-cv-00283-BNB

JOHN MATTHEW MEYER,

    Plaintiff,

v.

L.W. WALKER (Individual and Official Capacity), Acting Registered Nurse,
DEBORAH SHOCK (Individual and Official Capacity), Acting Provider Medical Staff,
LOU ANNE BERROA (Individual and Official Capacity), Acting Provider Medical Staff,
DIANE (Individual and Official Capacity), Acting Med-Line Nurse,
DEBRA A. ANSHUTZ (Individual and Official Capacity), Acting Nurse,
MR. SINGH (Individual and Official Capacity), Acting Medical Doctor,
R. CHRIETTE (Individual and Official Capacity), Acting Registered Nurse,
BAELIN RUN (Individual and Official Capacity), Acting Medical Staff,
C. GOODWIN (Individual and Official Capacity), Acting Registered Nurse,
N. GREEN (Individual and Official Capacity), Acting L.P. Nurse,
MR. AASEN (Individual and Official Capacity), Acting Doctor,
MR. BARTON (Individual and Official Capacity), Acting Sergeant,
JOHN DOE (Individual and Official Capacity), Acting Escort and Bus Driver,
KAREN MITCHELL (Individual and Official Capacity), Acting Medical Provider,
MARY KAY CARTER (Individual and Official Capacity), Acting Medical Provider,
MR. HIEDENTHAL (Individual and Official Capacity), Acting Cellhouse #3 Lt.,
ANTHONY A. DECESARO (Individual and Official Capacity), Acting Step #3 Grievance
    Officer,
BETTY STOCKMAN (Individual and Official Capacity), Acting Registered Nurse Staff,
MR. FERGUSSON (Individual and Official Capacity), Acting Sergeant of Security,
MR. JONES (Individual and Official Capacity), Acting Security Corrections Officer,
MR. MCMILLAN (Individual and Official Capacity), Acting Sergeant,
MR. TRUJILLO (Individual and Official Capacity), Acting Sergeant,
MR. MEIGS (Individual and Official Capacity), Acting Receiving Sergeant,
MR. ADEMIC (Individual and Official Capacity), Acting Sergeant,
KEN TOPLISS (Individual and Official Capacity), Acting Lt. and Watch Commander,
MS. HALL (Individual and Official Capacity), Acting Segregation Sergeant,
MS. CRUZ (Individual and Official Capacity), Acting OCA Corrections Officer,
MR. DARROW (Individual and Official Capacity), Acting Medical Director,
MR. GRIMES (Individual and Official Capacity), Acting Cellhouse #3 Sergeant,
MR. CORTESE (Individual and Official Capacity), Acting Corrections Officer,
MR. EVANS (Individual and Official Capacity), Acting Sergeant,
MS. TRUJILLO (Individual and Official Capacity), Acting Cellhouse #7 Casemanager,
MS. BURT (Individual and Official Capacity), Acting Nurse,

MS. ROMERO (Individual and Official Capacity), Acting Physician's Assistant,
MS. PAULA FRANZ (Individual and Official Capacity), Acting Medical Supervisor for Colorado D.O.C.,
MR. OWENS (Individual and Official Capacity), Acting Cellhouse Sergeant,
MR. TRAVIS WATERS (Individual and Official Capacity), Acting Mental Health Clinician,
MR. DEWEESE (Individual and Official Capacity), Acting Corrections Officer,
MS JANE DOE (Individual and Official Capacity), Acting Medical Staff Nurse,
MR. JOHN DOE #2 (Individual and Official Capacity), Acting Corrections Officer,
MR. SHOEMAKER (Individual and Official Capacity), Acting Cellhouse Lt.,
MR. WILLIAMS (Individual and Official Capacity), Acting Cellhouse Lt.,
MS. J. RUSSELL (Individual and Official Capacity), Acting Colorado D.O.C Liaison,
KATHIE HOLST (Individual and Official Capacity), Acting Colorado D.O.C. Liaison,
JOAN SHOEMAKER (Individual and Official Capacity), Acting Director of Medical Services, and
JOHN DOE #3 (Individual and Official Capacity), Acting Representative of Hanger Corporation,

Defendants.

## ORDER DIRECTING PLAINTIFF TO FILE AMENDED COMPLAINT

Plaintiff, John Matthew Meyer, is a prisoner in the custody of the Colorado Department of Corrections at the Colorado Territorial Correctional Facility in Cañon City, Colorado. Mr. Meyer has filed *pro se* a Prisoner Complaint alleging that his rights under the United States Constitution have been violated. The court must construe the complaint liberally because Mr. Meyer is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the court should not be an advocate for a *pro se* litigant. *See Hall*, 935 F.2d at 1110. For the reasons stated below, Mr. Meyer will be ordered to file an amended complaint.

The court has reviewed the Prisoner Complaint and finds that it is deficient.

First, although Mr. Meyer asserts two claims for relief--an Eighth Amendment claim and a due process claim--it appears that both claims are premised on the same alleged denial of adequate medical care since November 2008. If Mr. Meyer intends to assert any claim separate and distinct from his claim that he has been denied adequate medical care since November 2008, he must make clear what the additional claim is.

The Prisoner Complaint also is deficient because Mr. Meyer fails to allege facts that demonstrate how each of the forty-six named Defendants personally participated in the asserted denial of adequate medical care. Mr. Meyer merely alleges in support of both claims that all of the Defendants have violated his constitutional rights. Although Mr. Meyer includes a lengthy factual narrative in the Prisoner Complaint that refers to various individual Defendants, the factual narrative does not make clear what specific claims are being asserted against each named Defendant or how each named Defendant personally participated in the alleged denial of adequate medical care. Particularly for those Defendants who are not medical providers or who are not alleged to have participated in Mr. Meyer's medical treatment, it is not clear how they have been deliberately indifferent to Mr. Meyer's serious medical needs.

Therefore, Mr. Meyer will be ordered to file an amended complaint if he wishes to pursue his claims in this action. Mr. Meyer is advised that personal participation is an essential allegation in a civil rights action. *See Bennett v. Passic*, 545 F.2d 1260, 1262-63 (10th Cir. 1976). To establish personal participation, Mr. Meyer must show that each Defendant caused the deprivation of a federal right. *See Kentucky v. Graham*, 473 U.S. 159, 166 (1985). There must be an affirmative link between the alleged

constitutional violation and each Defendant's participation, control or direction, or failure to supervise. *See Butler v. City of Norman*, 992 F.2d 1053, 1055 (10th Cir. 1993). A Defendant who is a supervisory official may not be held vicariously liable for the acts of his subordinates on a theory of respondeat superior. *See Pembaur v. City of Cincinnati*, 475 U.S. 469, 479 (1986).

Furthermore, the general rule that *pro se* pleadings must be construed liberally has limits and "the court cannot take on the responsibility of serving as the litigant's attorney in constructing arguments and searching the record." *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005). In order to state a claim in federal court, Mr. Meyer "must explain what each defendant did to him or her; when the defendant did it; how the defendant's action harmed him or her; and, what specific legal right the plaintiff believes the defendant violated." *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007).

Finally, Mr. Meyer is advised that, although he must allege specific facts regarding each Defendant's personal participation, he still must present his claims clearly and concisely in a manageable format that allows the court and Defendants to know what claims are being asserted and to be able to respond to those claims. In order to comply with the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure, "[i]t is sufficient, and indeed all that is permissible, if the complaint concisely states facts upon which relief can be granted upon any legally sustainable basis." *New Home Appliance Ctr., Inc., v. Thompson*, 250 F.2d 881, 883 (10th Cir. 1957). Accordingly, it is

ORDERED that Mr. Meyer file **within thirty (30) days from the date of this order** an amended complaint that complies with this order if he wishes to pursue his claims in this action. It is

FURTHER ORDERED that the clerk of the court mail to Mr. Meyer, together with a copy of this order, two copies of the following form: Prisoner Complaint. It is

FURTHER ORDERED that, if Mr. Meyer fails to file an amended complaint that complies with this order to the court's satisfaction within the time allowed, the complaint will be dismissed without further notice.

DATED March 16, 2010, at Denver, Colorado.

BY THE COURT:

s/ Boyd N. Boland
United States Magistrate Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 10-cv-00283-BNB

John Matthew Meyer
Prisoner No. 142421
Colorado Territorial Corr. Facility
P.O. Box 1010
Cañon City, CO 81215-1010

    I hereby certify that I have mailed a copy of the **ORDER and two copies of the Prisoner Complaint** to the above-named individuals on 3/10/10

GREGORY C. LANGHAM, CLERK

By: _____
      Deputy Clerk